ALBERT H. DUREN and another vs. JAMES C. GAGE, and trustees.

Somerset. Opinion March 5, 1881.

*Wood and bark—measurement of. R S., c. 41, § 2.*

R. S., c. 41, § 2, requiring fire wood and bark to be measured by a sworn measurer before it is sold and delivered, unless otherwise agreed to by the purchaser, does not apply to trimmings of lumber consisting of pieces from one to two inches to one to two feet long, when sold under a contract with the purchaser to take all that should be made at the seller's mill at fifty cents a cart-load.

ON EXCEPTIONS.

Assumpsit for seventy-two loads of wood at fifty cents a load.

The defendant, who was engaged in running a stationary engine, made a bargain with the plaintiffs to have all the trimmings from the lumber sawed at plaintiffs' mill to use as fuel for the engine. The trimmings consisted of pieces of wood and bark of different small sizes from one or two inches up to from one to two feet in length, and was known as refuse wood. The bargain was that the defendant was to pay therefor fifty cents a cart-load. Nothing was said about any survey of the same by either of the parties.

The court ruled that the statute did not apply to wood of this description thus sold and received, so as to prevent a recovery by the plaintiffs.

*Brown & Howard*, for the plaintiffs.

*S. S. Chapman*, for the defendant.

WALTON, J. The R. S., c. 41, § 2, requires fire wood and bark to be measured by a sworn measurer before it is sold and delivered, unless otherwise agreed to by the purchaser. The question is whether the statute applies to the trimmings of lumber, consisting of pieces from one or two inches to one or two feet long, when sold under a contract with the purchaser to take all that should be made at the seller's mill at fifty cents a cart-load. We think not. Such a contract clearly implies an agreement on the part of the buyer to take the wood without the statute survey. It is purchased by the cart-load and not by the cord. And, although the term used in the section cited is " fire wood," we cannot doubt that it means cord-wood of the usual length, and the dimensions of which are described in the preceding section of the statute. It never could have been the intention of the legislature that chips or the trimmings of lumber, which is sold by the load and not by the cord, should be surveyed. The judge so ruled at *nisi prius*, and we think the ruling was correct.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.